669 So.2d 393 (1996)
STATE ex rel. Clarence FOY
v.
CRIMINAL DISTRICT COURT.
No. 96-KH-0519.
Supreme Court of Louisiana.
March 15, 1996.
PER CURIAM.
The application is granted to consider relator's complaints that the trial court has refused to furnish him with written or transcribed reasons for denying relator's application for post-conviction relief, as required by La.Code Crim.Proc. art. 930.1.
Article 930.1 provides:
A copy of the judgment granting or denying relief and written or transcribed reasons for the judgment shall be furnished to the petitioner, the district attorney and the custodian.
Article 930.1 does not, by its terms, require the district court to assign written or oral reasons for denying an application for post-conviction relief. Compare La.Code Civ.Proc. art. 1917, which requires in appealable non-jury cases that "the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment...."
Article 930.1 simply directs the district court, upon ruling on an application for post-conviction relief, to furnish to the petitioner, to the district attorney and to the custodian a copy of the judgment granting or denying relief, and a copy of any written or transcribed reasons for the judgment if reasons were assigned. We decline to interpret this statute, which was apparently designed to provide notice of judgment, as a mandate requiring the assigning of reasons for judgment. If the Legislature desires to require a district court to assign reasons for granting or denying every post-conviction application filed by prisoners, the Legislature should clearly express this intention.
Accordingly, the trial court's denial of relator's request for reasons for judgment is affirmed.
CALOGERO, C.J., and VICTORY, J., dissent and assign reasons.