894 So.2d 1197 (2005)
STATE of Louisiana
v.
Peter CELESTINE.
No. 2004-1130.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2005.
Rehearing Denied March 23, 2005.
*1198 Walter J. Senette, Jr., Assistant District Attorney, St. Mary Parish Courthouse, Franklin, LA, for Appellee, State of Louisiana.
G. Paul Marx, Louisiana Appellate Project, Lafayette LA, for Defendant/Appellant, Peter Celestine.
Peter Celestine, Kinder, LA.
Court composed of OSWALD A. DECUIR, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
DECUIR, Judge.
The Defendant, Peter Celestine, was convicted of simple burglary and sentenced to twelve years at hard labor. The State subsequently filed a habitual offender bill under a different docket number and the Defendant was adjudicated a third-felony offender. On October 26, 1995, the court vacated the Defendant's original twelve year sentence and ordered the Defendant to serve seventeen years at hard labor. The Defendant's conviction and sentence were affirmed on appeal.[1] In May of 2004, the Defendant submitted an application for post-conviction relief to the trial court seeking an out-of-time appeal of his multiple offender hearing. By ex parte order dated May 25, 2004, the judge granted the Defendant an out-of-time appeal of his multiple offender sentencing hearing held September 13, 1995. The Defendant is before this court seeking review of his adjudication as a third-felony offender.

FACTS
The Defendant was convicted of simple burglary of an automobile. He was subsequently adjudicated a third-felony habitual offender.

UNTIMELINESS OF REQUEST FOR OUT-OF-TIME APPEAL
Louisiana Code of Criminal Procedure Article 930.8 provides that applications for post conviction relief, including requests for out of time appeal, must be filed within two years from the date the defendant's conviction and sentence become final, unless certain specific exceptions apply. This time bar is jurisdictional and "[t]he trial court has no authority to extend those time limits beyond the delays provided by the legislature." State v. Daigle, 593 So.2d 676 (La.App. 3 Cir.1991).
The supreme court has held that an appellate court can raise this time bar on its own motion. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
The Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely and the Defendant did not allege and prove any of the exceptions contained in La.Code Crim.P. art. 930.8 *1199 applied. Thus, pursuant to La.Code Crim.P. art. 930.8, the trial court was without authority to entertain the Defendant's application. Hence, we find that the out-of-time appeal was improperly granted and Defendant's appeal is not properly before us. For this reason, Defendant's appeal is dismissed.

CONCLUSION
The Defendant's appeal is dismissed.
DISMISSED.
NOTES
[1] See State v. Celestine, an unpublished appeal bearing docket number 95-1460 (La.App. 3 Cir. 12/26/96), 686 So.2d 184, writ denied, 97-1787 (La.1/30/98), 709 So.2d 697.