# STATE OF LOUISIANA
## COURT, OF APPEAL, THIRD CIRCUIT

## 04-1126 consolidated with 04-1468

**STATE OF LOUISIANA**

**VERSUS**

**KEITHIAN GREENHOUSE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES NOS. 106,648 AND 106,649
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**DISMISSED.**

Hon. Charles A. Riddle, III
District Attorney
Twelfth Judicial District Court
P. O. Box 1200
Marksville, LA 71351-1200
(318) 253-6587
Counsel for Appellee:
    State of Louisiana

Anthony F. Salario
Assistant District Attorney
Twelfth Judicial District Court
P.O. Box 503
Marksville, LA 71351
(318) 240-7123
Counsel for Appellee:
    State of Louisiana

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**P.O. Box 719**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
      **Keithian Greenhouse**

**Keithian Greenhouse**
**Allen Correction Center Earth B1**
**3751 Lauderdale Woodyard Rd.**
**Kinder, LA 70648**

**DECUIR, Judge.**

The Defendant, Keithian Greenhouse, was originally charged by grand jury indictment in docket number 106,648 with aggravated rape, a violation of La.R.S. 14:42(A)(4). He was also charged by bill of information in docket number 106,649 with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. On September 18, 2001, the Defendant withdrew his former pleas of not guilty and entered a guilty plea to the reduced charge of simple rape and the charged offense of possession of marijuana with intent to distribute. On the same day, the Defendant was sentenced to twenty years in the Louisiana Department of Corrections without benefit of parole, probation, or suspension of sentence for simple rape and five years in the Department of Corrections for possession of marijuana with intent to distribute, to run concurrently with the sentence imposed for simple rape. On November 19, 2002, the Defendant filed a pro se motion seeking amendment or modification of his sentence. On December 17, 2002, the matter was taken up in open court, and the motion was denied. On June 23, 2003, the Defendant filed another pro se motion seeking amendment or modification of his sentence. Again, relief was denied. On April 16, 2004, the Defendant filed a post-conviction relief application seeking reinstatement of his right to appeal. The Defendant was granted an out-of-time appeal on June 1, 2004.

## UNTIMELINESS OF REQUEST FOR OUT-OF-TIME APPEAL

In *State v. Celestine*, 04-1130 (La.App. 3 Cir. 2/2/05), ___ So.2d ___, we addressed applications for post-conviction relief and out-of-time appeals and said:

> Louisiana Code of Criminal Procedure Article 930.8 provides that applications for post conviction relief, including requests for out of time appeal, must be filed within two years from the date the defendant's conviction and sentence become final, unless certain specific exceptions apply. This time bar is jurisdictional and "[t]he trial court has no authority to extend those time limits beyond the delays provided by the legislature." *State v. Daigle*, 593 So.2d 676 (La.App. 3 Cir. 1991).

The supreme court has held that an appellate court can raise this time bar on its own motion. *State ex rel. Glover*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

The Defendant pled guilty and was sentenced on September 18, 2001. His application for post-conviction relief seeking on an out-of-time appeal was not filed until April 16, 2004. Accordingly, the Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely, and the Defendant did not allege and prove any of the exceptions contained in La.Code Crim.P. art. 930.8 applied. Thus, pursuant to La.Code Crim.P. art. 930.8, the trial court was without authority to entertain the Defendant's application. Hence, we find that the out-of-time appeal was improperly granted and that Defendant's appeal is not properly before us. For this reason, Defendant's appeal is dismissed.

## CONCLUSION

The Defendant's appeal is dismissed.

**DISMISSED.**