NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-18

STATE OF LOUISIANA

VERSUS

NICHOLAS ANDRE OLIPHANT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C9650
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell, and John E. Conery, Judges.

APPEAL DISMISSED.

Hon. Van H. Kyzar
Tenth Judicial District Attorney
P.O. Box 838
Natchitoches, LA 71458-0838
Telephone (318) 357-2214
COUNSEL FOR APPELLEE:
        State of Louisiana

Paula C. Marx
Louisiana Appellate Project
P.O. Box 80006
Lafayette, LA 70598-0006
Telephone (337) 991-9757
COUNSEL FOR APPELLANT:
        Nicholas Andre Oliphant

**Conery, Judge.**

On January 17, 2007, the Defendant, Nicholas Andre Oliphant, was found guilty by a jury of armed robbery, a violation of La.R.S. 14:64. On April 9, 2007, the Defendant was sentenced to twenty (20) years at hard labor, without the benefit or probation, parole, or suspension of sentence, with credit given for time served. On appeal, the Defendant's conviction and sentence were affirmed. *State v. Oliphant*, 10-1210 (La.App. 3 Cir. 4/30/08) (unpublished opinion), *writ denied*, 08-1324 (La. 5/22/09), 9 So.3d 133, *and writ denied*, 08-1324 (La. 9/18/09), 17 So.3d 394.

On June 26, 2015, the Defendant filed in the trial court a "MEMORANDUM OF LAW SUPPORTING REINSTATEMENT OF RIGHT TO DIRECT APPEAL IN APPLICATION OF POST[-]CONVICTION RELIEF." In the memorandum, the Defendant sought reinstatement of his right to appeal on the basis he was deprived his right to counsel on appeal.

On September 3, 2015, an evidentiary hearing was held. A minute entry from the hearing provided as follows:

> Mr. Seaman advised Court of the facts of this case. Mr. Seaman advised Court that the State has no objections to the reinstatement of right to direct appeal in this matter. COURT ADVISED THAT SHE HAS REVIEWED THE RECORD AND HEARD THE ARGUMENT OF THE STATE, COURT GRANTED DEFENDANT'S MOTION FOR REINSTATEMENT OF RIGHT TO DIRECT APPEAL IN APPLICATION OF POST-CONVICTION RELIEF. COURT ADVISED THAT THE PUBLIC DEFENDER'S OFFICE IS APPOINTED TO ASSIGN AN ATTORNEY TO REPRESENT DEFENDANT. COURT ADVISED THAT SHE WOULD SIGN THE JUDGMENT.

On September 18, 2015, the Defendant filed a "MOTION TO APPEAL AND MOTION TO WITHDRAW PUBLIC DEFENDER OFFICE" with the trial

1

court. The trial court granted the motion on September 25, 2015, with a return date of December 9, 2015.

On January 11, 2016, this court lodged the record of appeal for this case. On January 19, 2016, this court issued a rule to show cause why this matter should not be dismissed as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 930.6. On February 12, 2016, this court issued an amended rule to show cause why the appeal should not be dismissed as having been untimely perfected. La.Code Crim.P. art. 930.8.

On March 3, 2016, the Defendant's counsel filed a "BRIEF OF APPELLANT, NICHOLAS ANDRE OLIPHANT FILED IN RESPONSE TO ORDER TO SHOW CAUSE WHY THE APPEAL SHOULD NOT BE DISMISSED AS HAVING BEEN UNTIMELY PERFECTED" with this court.

Louisiana Code of Criminal Procedure Article 930.8 provides in pertinent part:

> A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
>
> (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner shall prove that he exercised diligence in attempting to discover any post-conviction claims that may exist. "Diligence" for the purposes of this Article is a subjective inquiry that must take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery.

2

(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.

In *State v. Celestine*, 04-1130 (La.App. 3 Cir. 2/2/05), 894 So.2d 1197, 1198-99, *writ denied*, 05-1401 (La. 2/17/06), 924 So. 2d 1001, the trial court granted an out-of -time appeal subsequent to the expiration of the time limitation of art. 930.8. This court held in pertinent part:

The Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely and the Defendant did not allege and prove any of the exceptions contained in La.Code Crim.P. art. 930.8 applied. Thus, pursuant to La.Code Crim.P. art. 930.8, the trial court was without authority to entertain the Defendant's application. Hence, we find that the out-of-time appeal was improperly granted and Defendant's appeal is not properly before us.

In the instant case, the Defendant's conviction and sentence became final in 2009. La.Code Crim.P. arts. 914 and 922. The Defendant had two years, until 2011, to seek an out-of-time appeal via post-conviction relief. La.Code Crim.P. art. 930.8. As noted above, the Defendant filed the application on June 26, 2015, which was after the time allowed for the Defendant to file with the trial court. Thus, on its face, the time for the Defendant to seek reinstatement of his appellate rights via post-conviction expired, and the trial court was without authority to grant an out-of-time appeal.

The question arises has the Defendant proven an exception to the time limitation of art. 930.8 to allow the untimely appeal.

3

The first argument the Defendant asserts is he was actually or constructively denied appellate counsel resulting in prejudice; thus, the time limitation of art. 930.8 did not begin to run. However, the Defendant fails to cite any case law or statute in support of this assertion. Moreover, this is not set forth as an exception to the time limitation of art. 930.8.

Next, the Defendant argues the "law of the case" doctrine supports the granting of a new appeal for him since the federal court found a denial of the right to counsel in the original direct appeal of Corey Oliphant, the Defendant's co-defendant. In *Musacchio v. United States*, ___ U.S. ___, 136 S. Ct. 709, 716 (2016) (emphasis added), the court held in pertinent part:

> The law-of-the-case doctrine generally provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the *same case*.'" *Pepper v. United States,* 562 U.S. 476, 506, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine "expresses the practice of courts generally to refuse to reopen what has been decided," but it does not "limit [courts'] power." *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Thus, the doctrine may describe an appellate court's decision not to depart from a ruling that it made in a prior appeal in the *same case*.

The federal court in *Oliphant v. Warden, La. State Penitentiary*, No. 1:12-cv-0899, 2013 U.S. Dist. LEXIS 33764, 2013 WL 951610, at * 1 (W.D. La. March 11, 2013), reinstated the Defendant's co-defendant's right to directly appeal his conviction with the assistance of counsel on the basis he was denied counsel on his first appeal. The Defendant did not seek the same relief. Instead, he filed his application for post-conviction relief seeking reinstatement of his right to appeal in the trial court in June 2015. Consequently, we find the "law of the case" doctrine is inapplicable in this case. Thus, the Defendant fails to prove an exception to the time limitation on this basis.

4

Louisiana Code of Criminal Procedure Article 930.8(A)(2) provides the exception "the claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling." Even *assuming* the federal court's ruling in the Defendant's co-defendant's case would be considered as falling under this exception, the Defendant failed to file within a year of finality of the ruling. The federal court's opinion was rendered on March 11, 2013, and the Defendant filed his application for post-conviction relief seeking reinstatement of his right to appeal in the trial court on June 26, 2015. Thus, the Defendant fails to prove an exception to the time limitation on this basis.

Furthermore, we find there is no need to remand the matter for a hearing for the Defendant to establish if there were facts not known to him upon which the claim is predicated. As noted above, the Defendant was aware of his possible right to reinstatement of his appeal as early as March 11, 2013, when his co-defendant's federal case was decided.

Therefore, the Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely filed, and the Defendant did not prove any of the exceptions set forth by La.Code Crim.P. art. 930.8. Additionally, the trial court lacked authority to entertain Defendant's untimely application for post-conviction relief seeking reinstatement of his right to appeal. Thus, we find the out-of-time appeal was improperly granted, the Defendant's appeal is not properly before this court, and the Defendant's appeal should be dismissed.

For these reasons, Defendant's appeal is dismissed.

**APPEAL DISMISSED**.