NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-45

STATE OF LOUISIANA

VERSUS

MITCHELL D. LEMAIRE
A/K/A MITCH LE MAIRE
A/K/A MITCHELL DAVID LEMAIRE
A/K/A MITCHELL DAVE LEMAIRE
A/K/A MITCH LEMAIRE
A/K/A MITCHELL LENIAIRE
A/K/A MITCH LENIAIRE
A/K/A DAVID LEMAIRE MITCHELL

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 149333-1
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

************

JONATHAN W. PERRY
JUDGE

************

Court composed of John E. Conery, Van H. Kyzar, and Jonathan W. Perry, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

**Keith A. Stutes, District Attorney**
**Fifteenth Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P.O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR APPELLANT:**
    **Mitchell D. LeMaire**

**Perry, Judge.**

On October 19, 2015, Defendant, Mitchell D. Lemaire, pled guilty to theft of oil and gas equipment valued at more than $25,000, a violation of La.R.S. 14:67.9, and possession of stolen things, a violation of La.R.S. 14:69, in docket number 149333. On the same date, he also pled guilty to unlawful possession of body armor, a violation of La.R.S. 14:95.3, in docket number 152750. Defendant agreed to and signed a plea recommendation of a seventeen-year sentence at hard labor, with credit for time served, in docket number 149333, to run concurrently with a sentence of two years at hard labor in docket number 152750. The State agreed not to bill Defendant as a habitual offender and not to accept any more currently pending charges. The trial court accepted the sentencing recommendation.

At the plea hearing, the State presented the factual basis for the plea that showed Defendant stole a Kubota excavator, valued at more than $1,500, and also illegally possessed body armor. The colloquy included a discussion of the value of the excavator:

> [Defendant's attorney]: You said it was over only $1,000?
>
> [State's attorney]: Valued over.
>
> [Defendant's attorney]: The value has to be over $25,000. How much did you say?
>
> [State's attorney]: I'm sorry, Your Honor. A Kubota has to be value [sic] of over $25,000.

Since Defendant's conviction, he has made numerous filings pertaining to his sentence. On September 7, 2016, he filed a pro se motion to correct an illegal sentence. The motion did not indicate why Defendant believed the sentence was illegal. The trial court denied the motion on September 8, 2016. Defendant filed a motion to amend or modify his sentence on October 13, 2016, which alleged he was charged with theft of equipment valued at less than $25,000 but convicted and

sentenced for theft of equipment valued at more than $25,000. He claimed evidence showed the actual value of the equipment was $22,000. Thus, Defendant argued that his sentence was illegal because it exceeded the correct sentencing range of one to ten years. The trial court denied the motion on October 17, 2016.

Defendant filed another motion to reconsider his sentence on May 26, 2017, asking the trial court to reduce his seventeen-year sentence. The trial court denied that motion on May 31, 2017. Defendant filed an application for post-conviction relief (PCR) on September 18, 2017, alleging his sentence was statutorily illegal. The trial court denied the application on September 20, 2017. Defendant filed another application for PCR on October 17, 2017, again alleging an illegal, excessive sentence. The trial court denied that application the same day.

On November 21, 2017, Defendant filed a motion to amend, reduce, or modify his sentence. The trial court denied the motion on November 27, 2017. Defendant filed a copy of that motion on December 12, 2017; the trial court denied it on December 19, 2017.

Defendant filed yet another motion to correct an illegal sentence on February 26, 2018. The trial court denied it on March 1, 2018. Defendant then filed a motion to amend and/or modify his illegal sentence on May 3, 2018, asking the trial court to reduce his sentence. The trial court denied the motion on May 9, 2018. Defendant received the denial on June 13, 2018. He filed a petition to appeal on June 25, 2018; the trial judge granted that petition, appointed the Louisiana Appellate Project to represent Defendant, and fixed a return date according to law on July 16, 2018. When Defendant filed his appeal, this court issued a rule to show cause why the appeal should not be dismissed. After Defendant responded, this court dismissed the appeal but allowed Defendant thirty days to file an application for supervisory

2

writs without the necessity of first filing a notice of intent. *State v. Lemaire*, 18-770 (La.App. 3 Cir. 11/21/18) (unpublished opinion).

Defendant next filed a pro se petition for writ of habeas corpus on October 23, 2018. He alleged the court lacked subject matter jurisdiction because he was sentenced in Lafayette Parish even though he committed his crime in Acadia Parish. Further, he again claimed his sentence was illegal. The trial court denied this motion on October 25, 2018, without comment. On December 18, 2018, Defendant filed a "Motion to Reconsider or Amend or Modify to Reduce Sentence." That motion alleged the Fifteenth Judicial District Court for Lafayette Parish had jurisdiction to amend or modify his sentence. The trial court's denial of the motion was filed the same day.[1] On December 27, 2018, Defendant filed a petition to appeal; the trial judge granted that petition, appointed the Louisiana Appellate Project to represent Defendant, and fixed a return date according to law.

This court received the record of Defendant's appeal on January 17, 2019, and issued a rule to show cause on January 23, 2019, why the appeal should not be dismissed pursuant to La.Code Crim.P. art. 912.1. Defendant's response contends La.Code Crim.P. art. 882 allows for the correction of an illegal sentence at any time. Defendant's response additionally argues the trial court did not impose a determinate

---

[1] The trial court has never stated reasons for the denial of any of Defendant's motions concerning his allegedly illegal sentence. As found in *State ex rel. Clarence Foy v. Criminal District Court*, 96-0519 (La. 3/15/96), 669 So.2d 393, La.Code Crim.P. art. 930.1 "does not, by its terms, require the district court to assign written or oral reasons for denying an application for post-conviction relief[.]" Notwithstanding, even though not legally mandated, it cannot be denied that there may be occasions when we would find the trial court's written or oral reasons beneficial in our resolution of these post-conviction applications.

sentence for each count for which Defendant was convicted, an argument not previously urged with any specificity in the trial court.

Although La.Code Crim.P. art. 882 does allow the correction of an illegal sentence at any time, an appeal is not the proper vehicle for review of the denial of Relator's habeas motion. This court addressed a similar situation in *State v. Theriot*, 13-53 (La.App. 3 Cir. 3/6/13) (unpublished opinion), where the defendant argued his case was appealable because the sentence was illegal. This court commented:

> The article addressing illegal sentence claims is La.Code Crim.P. art. 882, which states:
>
> > A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
> >
> > B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
> >
> > > (1) In an appealable case by appeal; or
> > >
> > > (2) In an unappealable case by writs of certiorari and prohibition.
> >
> > C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
>
> Reading this language together with the recent jurisprudence, we find that an illegal-sentence claim is not appealable as a stand-alone issue. Therefore, the appeal in the above-captioned matter is hereby dismissed. Darryl James Theriot, Defendant–Appellant, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

*Id.* at 1-2. Thus, Defendant in this case may not be allowed to maintain this appeal.

4

Accordingly, we dismiss Defendant's appeal but will permit him to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant is not required to file an additional notice of intent to seek supervisory review or obtain an order setting return date.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.