| STATE OF LOUISIANA | * | NO. 2024-K-0285 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ERIC MATTHEWS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 370-853, SECTION "I"
Honorable Leon T. Roche, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

**BROWN, J., CONCURS IN PART, DISSENTS IN PART AND ASSIGNS
REASONS**

**CHASE, J., CONCURS IN THE RESULT AND ASSIGNS REASONS**

Jason R. Williams, District Attorney, Parish of Orleans
Brad Scott, Assistant District Attorney, Parish of Orleans
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR, State of Louisiana

Kristen Amond LLC
3640 Magazine Street
New Orleans, Louisiana 70115

Anna Lellelid
Law Office of Anna Lellelid, LLC
310 Lavoisier St.
Gretna, LA 70053

Amy Myers
Law Office of Amy Myers, LLC
2201 Onzaga St.
New Orleans, Louisiana 70119

      COUNSEL FOR RESPONDENT, Eric Matthews

**WRIT GRANTED; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; REMANDED; STAY LIFTED**
**MAY 22, 2024**

DNA

The above-captioned writ application concerns applications for post-conviction relief. Relator, the State of Louisiana ("State"), seeks expedited supervisory review of the district court's May 6, 2024 order, which overruled the State's objections to the post-conviction relief applications filed by Respondent, Eric Matthews ("Mr. Matthews"). The district court's order also set an evidentiary hearing for May 30, 2024, and May 31, 2024, to address the claims in Mr. Matthews' post-conviction relief applications; and the order provided that the State will be allowed to present evidence at the hearing as to whether it is materially prejudiced in its ability to respond to Mr. Matthews' ineffective assistance of counsel and *Brady* claims.[1] For the following reasons, we grant the State's writ application; affirm the district court's order in part; reverse the district court's order in part; and remand this matter for further proceedings consistent with this Opinion. We also lift the stay order issued by this Court on May 15, 2024.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 7, 1994, a grand jury indicted Mr. Matthews, and trial subsequently occurred on September 7 and 8, 1994. Ultimately, a jury found Mr. Matthews

---

[1] *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).

1

guilty as charged for the May 12, 1994 first-degree murder of Glenece Christina Everett, who was the two-year-old daughter of Mr. Matthews' then-partner. The district court sentenced Mr. Matthews to life without parole on September 26, 1994. Joseph Meyer ("Mr. Meyer") represented Mr. Matthews during the trial and sentencing as his appointed counsel.

Following the trial, counsel appointed to represent Mr. Matthews on appeal[2] filed an *Anders* brief with this Court, requesting an error patent review, and filed a motion to withdraw.[3] Mr. Matthews filed his own brief with this Court, wherein he asserted insufficiency of the evidence arguments. On January 19, 1996, this Court affirmed Mr. Matthews' conviction and sentence and granted the motion to withdraw filed by Mr. Matthews' appointed appellate counsel.

### March 14, 2023 Post-Conviction Relief Application

On March 14, 2023, Mr. Matthews filed a post-conviction relief application ("March PCR"). This constituted his third application for post-conviction relief, but the substance of his prior applications is not at issue in this matter. In his March PCR, Mr. Matthews alleged an ineffective assistance of trial counsel claim

---

[2] Mr. Meyer was not the attorney who represented Mr. Matthews on appeal.

[3] As this Court has previously explained, the name *Anders* brief comes from *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *State v. Benjamin*, 573 So.2d 528, 529 (La. App. 4th Cir. 1990). In *Anders*, the issue centered on "[w]hat should happen when an indigent appellant has been provided with appointed counsel, and counsel determines, after a conscientious examination of the record and the legal authorities, that there are no non-frivolous issues to present on appeal?" *Id.* The United States Supreme Court concluded in *Anders* "that counsel must raise issues from the record which 'arguably' support the appeal" but can thereafter seek to withdraw from representation. *Id.* The appellant receives a copy of the *Anders* brief filed by appointed counsel, as well as appointed counsel's motion to withdraw, after which the appellant can file his or her own brief. *Id.* On appeal, "[t]he appellate court then decides if the appeal is wholly frivolous and acts on counsel's motion to withdraw." *Id.*

2

regarding Mr. Meyer. Specifically, he contended that Mr. Meyer failed to investigate; failed to challenge the charge of first-degree murder on the basis that Mr. Matthews did not have the specific intent to kill; failed to challenge the cause of death; and failed to challenge sexual abuse allegations that arose at trial. Mr. Matthews' March PCR also raised an ineffective assistance of sentence counsel claim against Mr. Meyer, contending that Mr. Meyer failed to object to what was an excessive sentence. Mr. Matthews further argued that Mr. Meyer failed to investigate and present mitigating evidence regarding his sentence. Finally, in his March PCR, Mr. Matthews asserted an ineffective assistance of counsel claim concerning his appellate counsel.

### March 14, 2023 and June 14, 2023 Waivers

That same day, the State filed a "Waiver of Procedural Objections" ("March Waiver") in association with a "Joint Motion to Stay Eric Matthews' [March PCR]." The March Waiver explained that the State "hereby affirmatively waives any objection to the timeliness of Mr. Matthews'[] application for relief, as contemplated by La. C.Cr. P. art. 930.8(D)" despite the post-conviction relief time constraints imposed by La. C.Cr.P. art. 930.8(A). Additionally, the March waiver provided that "in the interests of equity and fairness, the State hereby affirmatively waives, under La. C.Cr. P. art. 930.4(G), any additional procedural defense it may have to Mr. Matthews'[] Application for Post-Conviction Relief." Further, the March PCR provided that the State would "not oppose Mr. Matthews supplementing the claims raised in this Application for Post-Conviction Relief in the future" and that the State "entrust[ed] it to the [district] court's discretion whether to permit supplementation in light of the State's waivers." On June 14,

3

2023, the State filed a "Waiver of Procedural Bars" ("June Waiver"), which contained the same relevant provisions as the March Waiver.

### November 29, 2023 Post-Conviction Relief Application

Subsequently, on November 29, 2023, Mr. Matthews filed an "Unopposed Motion to Supplement . . . Application for Post-Conviction Relief," which the trial court granted that same day. In his November 29, 2023 "Supplement to Application for Post-Conviction Relief" ("November PCR"), Mr. Matthews contended that the State elicited inadmissible evidence of uncharged conduct in violation of *Prieur*[4] and in violation of Mr. Matthews' due process rights. Additionally, in the November PCR, Mr. Matthews asserted that the State presented false and misleading testimony in violation of the Fifth and Fourteenth Amendments. Finally, Mr. Matthews argued that the State failed to disclose material exculpatory evidence in violation of the Fifth Amendment and *Brady*.

### April 11, 2024 Objection

Thereafter, on April 11, 2024, the State filed an objection (April Objection) to Mr. Matthews' March and November PCRs. Therein, as the State explained, its March and June Waivers only waived procedural (timeliness and repetitiveness) issues concerning Mr. Matthews' March PCR. That is, the State contended that the March and June Waivers only waived procedural issues and did not pertain to the substance of Mr. Matthews' claims in his March PCR. Thus, regarding Mr. Matthews' claims of ineffective assistance of counsel concerning Mr. Meyer in the March PCR, the State objected to the substance of these claims and requested a hearing on whether the State was materially prejudiced in its ability to respond to

---

[4] *See State v. Prieur*, 277 So.2d 126 (La. 1973).

4

these claims because Mr. Meyer passed away in January 2021, thereby rendering the State unable to question him about Mr. Matthews' contentions.

Additionally, the State contended that the procedural waiver aspects of the March and June Waivers were not written in such a way as to apply to any future post-conviction relief applications that Mr. Matthews might file. The State argued that the claims raised by Mr. Matthews in his November PCR were new (i.e., Mr. Matthews did not simply add facts, arguments, and information to the claims raised in his March PCR), so they were procedurally barred because the State had never waived procedural objections to those new claims.

### April 30, 2024 hearing

On April 30, 2024, the district court held a hearing on the State's April Objection. In addressing the State's April Objection, the district court orally ruled:

> State, you waived the objections to the procedural time bars. [That is] not in dispute that initially the State had waived any objection they had. You know, I think the first thing I have to determine is are there procedural bars, and the State agreed to waive the procedural bars.
>
> . . . .
>
> And then we have the issue of the supplement, you know, and State, you know, you did say that you would not oppose Mr. Matthews supplementing his application . . . . Additionally, I think that under Louisiana Code of Criminal Procedure Article 930.7[(A)] and under 930.4, I think the interest of justice would be served to allow an evidentiary hearing as it relates to the matters that were brought up in the supplemental.
>
> . . . .
>
> So, now, State, I know in your motion you requested the ability to respond to, negate, or rebut the allegations [of] prejudice the State may endure from the death of trial counsel, Mr. Meyer. So, I will allow you, as well, you know, at the evidentiary hearing that [we are] going to set, I will allow you to elicit information that you believe may have prejudiced the State as a result of the death of attorney Joseph Meyer. So, [I will] allow you that. You can, at the hearing [I

5

am] going to set, you can present the evidence of the prejudice that you allege.

Thereafter, on May 6, 2024, the district court signed its order in accordance with the above oral ruling. The order overruled the State's April Objection and stated, in pertinent part:

> [T]he Court finds that the State waived any procedural objections to Petitioner's March 15, 2023 Application for Post-Conviction Relief and November 29, 2023 Supplemental Application for Post-Conviction Relief. The State's June 14, 2023 Notice of Waiver of Procedural Bars was unequivocal—the State affirmatively waived any objection to timeliness. . . .
>
> The Court further finds that the State clearly waived any opposition to [Mr. Matthews] supplementing his post-conviction relief application, and therefore overrules the State's objections under Louisiana Code of Criminal Procedure Articles 930.4 and 930.8. Even so, the Court finds that, in the interest of justice, [Mr. Matthews'] post-conviction relief claims should be heard on the merits. . . .
>
> By this Order, the Court has ruled on all procedural objections raised by the [State], La. [C.Cr.P.] arts. 930(C), and this matter should be set for an evidentiary hearing. *See State v. Preston*, 2019-01583 (La. 05/07/20), 296 So. 3d 592, 593 (Johnson, J., concurring).
>
> . . . .
>
> The Court will allow the State, if it chooses, to present evidence at the evidentiary hearing as to whether it is materially prejudiced in its ability to respond to [Mr. Matthews'] ineffective assistance and *Brady* claims, as a result of the death of trial counsel.

In the order, the district court also listed the claims that it will consider at the May 30 and 31, 2024 evidentiary hearing as: 1) ineffective assistance of trial counsel; 2) ineffective assistance of sentencing counsel; 3) ineffective assistance of appellate counsel; 4) violation of *Prieur* and due process; 5) violation of Fifth and Fourteenth Amendments; and 6) violation of *Brady*. In sum, the district court plans to consider all of the claims in Mr. Matthews' March PCR and November PCR at the upcoming evidentiary hearing.

6

## ASSIGNMENTS OF ERROR

In its writ application to this Court, the State asserts five assignments of error regarding the district court's May 6, 2024 order:

I.     The trial court erred in finding that the State waived all procedural bars when the written waiver clearly states which procedural bars it waived.

II.    The trial court erred in finding that the State waived procedural bars relative to future additional claims raised in the supplemental PCR, when the State's waiver indicated that it would not object to supplementation of the claims raised in the original PCR.

III.    The trial court erred in reading an "interest of justice" exception into the law where it simply does not exist.

IV.    The trial court erred in setting the matter for an evidentiary hearing and indicating that it will hold a hearing based on a concurring opinion to a writ denial that holds no precedential value.

V.    The trial court erred in not setting the State's 930.8(B) objection for a hearing limited to that issue and instead ruling that the State can present evidence and argument on that issue at the evidentiary hearing on the merits.

As previously excerpted, the district court's May 6, 2024 order stated that the district court found that the State waived any procedural objections to Mr. Matthews' March PCR and November PCR. Additionally, in the order, the district court explained that it found "the State clearly waived any opposition to [Mr. Matthews] supplementing his post-conviction relief application," so the district court overruled all of the State's objections to the November PCR. The district court further stated that "in the interest of justice, [Mr. Matthews'] post-conviction relief claims should be heard on the merits."

Based on our review of the State's writ application, Mr. Matthews' opposition thereto, and the district court's *per curiam*, resolution of this matter

hinges on determining what the State waived relative to Mr. Matthews' March PCR and what, if anything, the State waived relative to Mr. Matthews' November PCR. In particular, we must determine what the State waived in terms of supplementation in a future post-conviction relief application; whether the State waived any procedural timeliness objections to the March PCR and to the November PCR (La. C.Cr.P. art. 930.8); whether the State waived any procedural repetitiveness objections to the March PCR and to the November PCR (La. C.Cr.P. art. 930.4); and whether the State waived any objection on the basis that it would be prejudiced in its ability to respond to the claims in the March PCR. With these issues in mind, we turn to our discussion of the merits.

## DISCUSSION

*Supplementation*

The district court explained in its order that it found the State clearly waived any opposition to Mr. Matthews supplementing his post-conviction relief application. We disagree. The March Waiver provided that "[t]he State also . . . will not oppose Mr. Matthews supplementing *the claims raised in this Application for Post-Conviction Relief* in the future" (emphasis added). Similarly, the June Waiver stated: "The State also acknowledges here that it will not oppose Mr. Matthews supplementing the claims raised in the *Application for Post-Conviction Relief* in the future." These statements clearly indicate that the State did not oppose Mr. Matthews adding new facts, evidence, or information to the claims that he already raised in what was then his only outstanding post-conviction relief application—the March PCR. In the March PCR, Mr. Matthews asserted claims of ineffective assistance of trial counsel, ineffective assistance of sentencing counsel, and ineffective assistance of appellate counsel. Yet, Mr. Matthews' claims in his

8

November PCR are wholly unrelated to the claims in his March PCR. Mr. Matthews' November PCR contains allegations that the State elicited inadmissible evidence of uncharged conduct in violation of *Prieur* and in violation of his due process rights; that the State presented false and misleading testimony in violation of the Fifth and Fourteenth Amendments; and that the State failed to disclose material exculpatory evidence in violation of the Fifth Amendment and *Brady*. Mr. Matthews' November PCR went beyond the scope of the State's supplementation waiver. The district court erred in permitting Mr. Matthews to proceed with his November PCR and in stating that it will consider the claims contained therein at the future evidentiary hearing. Having determined that the November PCR was not within the ambit of the State's supplementation waiver, we next consider whether the State waived any procedural objections to the November PCR, as well as to the March PCR, in its March and June Waivers.

***Procedural Waivers***

<u>**Timeliness**</u>

As summarized previously, the State's March and June Waivers provided that the State "hereby affirmatively waive[d] any objection to the timeliness of Mr. Matthews' application for relief." We must determine what implications this statement had on Mr. Matthews' March PCR and November PCR. To do so, we begin our consideration of this issue with the relevant law surrounding the timeliness of applications for post-conviction relief.

Regarding the timing of filing an application for post-conviction relief, La. C.Cr.P. art. 930.8(A) states that "[n]o application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has

9

become final under the provisions of [La. C.Cr.P. arts.] 914 or 922." Louisiana Code of Criminal Procedure Article 930.8(D) provides an exception to Paragraph A and states that "[n]otwithstanding any provision of this Title to the contrary, the state may affirmatively waive any objection to the timeliness under Paragraph A of this Article of the application for post conviction relief filed by the petitioner. Such waiver shall be express and in writing and filed by the state into the district court record."

Mr. Matthews' deadline to file an application for post-conviction relief had long passed by the time he filed his March PCR. However, regarding La. C.Cr.P. art. 930.8(A) and (D), the March and June Waivers state: "The State submits that notwithstanding the time constraints imposed by [La. C.Cr.P. art.] 930.8(A), it hereby affirmatively waives any objection to the timeliness of Mr. Matthews'[] application for relief, as contemplated by La. C.Cr. P. art. 930.8(D)." Based on this statement, the State expressly waived its objection to the two-year time limit for Mr. Matthews to file an application for post-conviction relief as allowed by La. C.Cr.P. art. 930.8(D). We find this waiver of any timeliness objection pertained only to Mr. Matthews' March PCR though as that was the only application Mr. Matthews had filed at that time and thus the only application to which the State's waiver could apply.

That is, in its waiver statement regarding timeliness, the State made no mention of waiving a timeliness objection to any future post-conviction relief applications. Louisiana Code of Criminal Procedure Article 930.8(D) states that a timeliness waiver must be "express;" so a waiver of timeliness as to future applications for post-conviction relief would have had to explicitly state that it pertained to future applications; yet the State's waiver said nothing about waiving

timeliness objections to any future applications Mr. Matthews might file. In light of the foregoing, we conclude that the district court erred in finding that the State waived any timeliness objection to Mr. Matthews' November PCR without the State's March or June Waivers expressly stating so.

Moreover, as the Louisiana Fifth Circuit Court of Appeal has explained, "[t]he [district] court does not have jurisdiction to grant an untimely application for post-conviction relief seeking an out-of-time appeal absent the showing of an exception to the time limitation as provided for by [La. C.Cr.P. art.] 930.8." *State v. Clark*, 2018-519, p. 3 (La. App. 5 Cir. 12/27/18), 263 So.3d 957, 959 (first citing *State v. Daigle*, 593 So.2d 676, 677 (La. App. 3rd Cir. 1991); and then citing *State v. Theard*, 2004-1212 (La. 6/17/05), 904 So.2d 681). This is "[b]ecause the time delays in [La. C.Cr.P. art.] 930.8 are jurisdictional," such that the district court does not have authority to override them. *Id. See also State v. Celestine*, 2004-1130, p. 1 (La. App. 3 Cir. 2/2/05), 894 So.2d 1197, 1198 (explaining that the "time bar [in La. C.Cr.P. art. 930.8] is jurisdictional and '[t]he [district] court has no authority to extend those time limits beyond the delays provided by the legislature'" (second alteration in original) (quoting citing *Daigle*, 593 So.2d at 677)). To this end, we also conclude that the district court erred in stating that Mr. Matthews' post-conviction relief claims in his November PCR should be heard on the merits in the interest of justice, despite their untimeliness, because the district court did not have the jurisdiction and authority to permit Mr. Matthews' untimely November PCR to move forward.

**Repetitiveness**

In its March and June Waivers, the State also referred to La. C.Cr.P. art. 930.4(G). In particular, the Waivers provided that "the State hereby affirmatively

11

waives, under La. C. Cr. P. art. 930.4(G), any additional procedural defense it may have to Mr. Matthews's Application for Post-Conviction Relief." Louisiana Code of Criminal Procedure Article 930.4 pertains to "[r]epetitive applications" for post-conviction relief. It states, in part:

> A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.
>
> B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court shall deny relief.
>
> C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court shall deny relief.
>
> D. A successive application shall be dismissed if it fails to raise a new or different claim.
>
> E. A successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

La. C.Cr.P. art. 930.4. However, according to Paragraph G and "[n]otwithstanding any provision . . . to the contrary, the state may affirmatively waive any procedural objection pursuant to this Article. Such waiver shall be express and in writing and filed by the state into the district court record." In the March and June Waivers, the State "affirmatively waive[d], under La. C.Cr.P. art. 930.4(G) any additional procedural defense." Based on this statement, the State expressly waived its objection to any claims of repetitiveness as permitted by La. C.Cr.P. art. 930.4(G). Again though, we find this waiver of any repetitiveness objection pertained only to Mr. Matthews' March PCR because it was the only application Mr. Matthews had filed at that time and thus the only application to which the State's waiver could apply.

12

In its waiver statement regarding La. C.Cr.P. art. 930.4(G), the State made no mention of waiving a repetitiveness objection to any future post-conviction relief applications. Louisiana Code of Criminal Procedure Article 930.4(G) states that a repetitiveness waiver must be "express;" so a waiver of repetitiveness as to future applications for post-conviction relief would have had to explicitly state that it pertained to future applications. The State's waiver said nothing about waiving repetitiveness objections to any future applications Mr. Matthews might file. Thus, in light of the foregoing, we conclude that the district court erred in finding that the State waived any repetitiveness objections it may have to Mr. Matthews' November PCR.

Further, as the Louisiana Supreme Court has explained, "Louisiana['s] post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory." *State v. Delong*, 2017-0740, p. 1 (La. 8/31/18), 251 So.3d 1063, 1064. Therefore, in light of the Supreme Court's statements, we likewise conclude that the district court did not have authority to override any repetitiveness claims that the State could assert regarding the November PCR. To this end, the district court erred in stating that Mr. Matthews' post-conviction relief claims should be heard on the merits in the interest of justice because the district court did not have the jurisdiction and authority to so decide.

In sum, we conclude that the State's waiver regarding supplementation was limited to Mr. Matthews being able to supplement his existing post-conviction relief claims (i.e., adding facts, evidence, and information to those claims already

alleged in the March PCR); so the November PCR, which raised entirely new claims, did not fall within this waiver. Further, we conclude that the State waived procedural objections (timeliness and repetitiveness) to Mr. Matthews' March PCR. But, we conclude that the State did not waive procedural objections (timeliness and repetitiveness) to Mr. Matthews' November PCR. Thus, the district court erred in stating in its May 6, 2024 order that it will rule on the claims asserted in Mr. Matthews' November PCR at its future evidentiary hearing because the district court did not have the authority and jurisdiction to permit Mr. Matthews to proceed with his November PCR.

### *Material Prejudice*

The district court's May 6, 2024 order also stated that having overruled the State's procedural objections, this matter should be set for an evidentiary hearing. The order further provided that the State will be allowed "if it chooses, to present evidence at the evidentiary hearing as to whether it is materially prejudiced in its ability to respond to [Mr. Matthews]' ineffective assistance and *Brady* claims, as a result of the death of his trial counsel." Louisiana Code of Criminal Procedure Article 930.8(B) states:

> An application for post conviction relief which is timely filed, or which is allowed under an exception to the time limitation as set forth in Paragraph A of this Article, shall be dismissed upon a showing by the state of prejudice to its ability to respond to, negate, or rebut the allegations of the petition caused by events not under the control of the state which have transpired since the date of original conviction, *if the court finds, after a hearing limited to that issue,* that the state's ability to respond to, negate, or rebut such allegations has been materially prejudiced thereby.

(Emphasis added.) In its April Objection the State explained that its March and June Waivers only pertained to procedural (timeliness and repetitiveness) issues and did not pertain to the substance of Mr. Matthews' claims. That is, in its April

14

Objection, the State objected to the substance of Mr. Matthews' claims of ineffective assistance of counsel concerning Mr. Meyer in his March PCR and requested a hearing on whether the State was materially prejudiced in its ability to respond to these claims because Mr. Meyer passed away in January 2021. In its writ application to this Court, the State contends that the district court erred in not setting the State's objection for a hearing limited to that issue and instead ruling that the State can present evidence and argument on that issue at the evidentiary hearing on the merits. We agree with the State.

The State's March and June Waivers merely waived procedural objections to Mr. Matthews' March PCR. Thus, the State retained the ability to object to Mr. Matthews' March PCR on the basis that it would be materially prejudiced in its efforts to respond to Mr. Matthews' claims in his March PCR. The language of La. C.Cr.P. art. 930.8(B) establishes that the district court must hold a hearing limited to the issue of whether the State's ability to respond to, negate, or rebut allegations in an application for post-conviction relief has been materially prejudiced *prior* to ruling on the merits of the arguments raised in the application for post-conviction relief. Determining whether the State is materially prejudiced is a threshold issue for the district court to decide before reaching the merits of an application for post-conviction relief. This is because if the district court finds that the State is materially prejudiced, then there is no need to consider the merits of the application for post-conviction relief. Accordingly, we instruct the district court to hold a hearing limited to the issue of whether the State's ability to respond to, negate, or rebut the allegations in Mr. Matthews' March PCR has been materially prejudiced prior to ruling on the merits of the arguments raised in Mr. Matthews' March PCR.

**DECREE**

For the foregoing reasons, we reverse the district court's finding that the State waived any opposition to Mr. Matthews filing the supplemental November PCR, which raises entirely new claims that were not addressed in his March PCR. We affirm the district court's May 6, 2024 order insofar as it concluded that the State waived procedural (timeliness and repetitiveness) objections to Mr. Matthews' March PCR under La. C.Cr.P. arts. 930.8 and 930.4. We reverse the district court's order insofar as it concluded that the State waived procedural (timeliness and repetitiveness) objections to Mr. Matthews' November PCR under La. C.Cr.P. art. 930.8 and 930.4. Finally, we reverse the district court's order to the extent that the district court is only allowing the State to present evidence of material prejudice in its ability to respond to Mr. Matthews' claims as part of the evidentiary hearing on the merits of Mr. Matthews' post-conviction claims. Rather, the district court is ordered to conduct a hearing on the limited issue of whether the State is materially prejudiced in its ability to respond to Mr. Matthews' March PCR claims prior to an evidentiary hearing on the merits of Mr. Matthews' claims. Finally, we lift the stay order issued by this Court on May 15, 2024; and we remand this matter to the district court for further proceedings consistent with this Opinion.

**WRIT GRANTED; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; REMANDED; STAY LIFTED**

16