# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### KA05-619
### Consolidated With
### KA05-620

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH THOMAS**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NOS. 98K4382D, 99K0247D
HONORABLE AARON FRANK MCGEE

\*\*\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**APPEALS DISMISSED.**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**Telephone: (337) 491-0570**
**COUNSEL FOR:**
    **Defendant/Appellant - John Thomas**

**Earl B. Taylor**
**District Attorney - Twenty-Seventh Judicial District Court**
**Alisa Ardoin Gothreaux**
**Assistant District Attorney**
**P.O. Drawer 1968**
**Opelousas, LA 70571-1968**
**Telephone: (337) 948-3041**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Saunders, J.**

On June 17, 2005, this court issued a rule to show cause why these appeals should not be dismissed as untimely. In response to the rule to show cause, Appellate Counsel argues the failure of trial counsel to timely file a motion for appeal should not be imputed to Defendant. In the alternative, Defendant argues that these appeals should be treated as a motion for post-conviction relief seeking an out of time appeal. For the reasons that follow, we dismiss the appeals.

On October 19, 1999, Defendant, Joseph J. Thomas was convicted of Aggravated Robbery, Armed Robbery, Conspiracy to Commit Armed Robbery, and Attempted Armed Robbery. On January 14, 2000, he was sentenced to fifteen years at hard labor on the charge of Aggravated Burglary and thirty-five years at hard labor on the charge of Armed Robbery, the two sentences to run concurrently with each other. He was sentenced to fifteen years at hard labor on the charge of Conspiracy to Commit Armed Robbery and twenty years at hard labor on the charge of Attempted Armed Robbery, with the two sentences to run concurrently with each other, but consecutive to the Aggravated Burglary and Armed Robbery sentences.

At the time of sentencing, Defendant received notice of the time limitations for seeking post-conviction relief. On February 22, 2003, a Joint Motion for Appeal was filed by both trial counsel for Defendant, and the court granted an out-of-time appeal.

Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence became final.

1

Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Thus, Defendant had to obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

Louisiana Code of Criminal Procedure Article 930.8 provides, in pertinent part:

A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:

. . . .

In the instant case, the judgment of conviction and sentence became final in February 2000. Defendant had until February 2002 to file his application for post-conviction relief seeking an out-of-time appeal, unless one of the exceptions in La.Code Crim.P. art. 930.8 applies. Based on the record in the instant case, we do not find any exceptions to be applicable, and Defendant does not argue any exceptions in the brief filed in response to the rule to show cause. As noted above, the Joint Motion for Appeal was filed on February 22, 2003, after the expiration of the delay for filing an application for post-conviction relief.

In *State v. Celestine*, 04-1130, p. 1 (La.App. 3 Cir. 2/2/05), 894 So.2d 1197, 1198-99, this court held:

Louisiana Code of Criminal Procedure Article 930.8 provides that applications for post conviction relief, including requests for out of time appeal, must be filed within two years from the date the defendant's conviction and sentence become final, unless certain specific exceptions apply. This time bar is jurisdictional and "[t]he trial court has no authority to extend those time limits beyond the delays provided by the legislature." *State v. Daigle*, 593 So.2d 676 (La.App. 3 Cir.1991).

The supreme court has held that an appellate court can raise this time bar on its own motion. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

2

The Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely and the Defendant did not allege and prove any of the exceptions contained in La.Code Crim.P. art. 930.8 applied. Thus, pursuant to La.Code Crim.P. art. 930.8, the trial court was without authority to entertain the Defendant's application. Hence, we find that the out-of-time appeal was improperly granted and Defendant's appeal is not properly before us. For this reason, Defendant's appeal is dismissed.

As the Joint Motion for Appeal was untimely and the Defendant did not allege or prove any of the exceptions contained in La.Code Crim.P. art. 930.8, we find the out-of-time appeal was improperly granted. Therefore, Defendant's appeals are dismissed.

**APPEALS DISMISSED.**