STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA06-317

STATE OF LOUISIANA

VERSUS

DASHAWN D. HERRON

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 67049

HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Glen B. Gremillion, Billy H. Ezell, and J. David Painter, Judges.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**

Dmitrc Ian Burnes
Burnes & Burnes
711 Washington Street
Alexandria, LA 71309-0650
Telephone:  (318) 448-0482
COUNSEL FOR:
        Defendant/Appellant -DaShawn D. Herron

William E. Tilley
District Attorney -30th JDC
P. O. Box 1188
Leesville, LA 71496-1188
Telephone: (337) 239-2008
COUNSEL FOR:
        Plaintiff/Appellee-State of Louisiana

**Ezell, J.**

Defendant, Dashawn D. Herron, was originally charged with manslaughter, in violation of La.R.S. 14:31. However on April 7, 2005, Defendant pled guilty to attempted manslaughter, in violation of La.R.S. 14:27 and La.R.S. 14:31. On July 5, 2005, the trial court sentenced Defendant to serve fifteen years at hard labor with credit for time served. Defendant filed a Motion to Reconsider Sentence on July 7, 2005, which was denied the next day without conducting a hearing.

Defendant timely appealed his conviction and sentence. However, Defendant subsequently entered into an agreement with the State whereby Defendant would be allowed to withdraw his guilty plea on the condition that Defendant voluntarily dismiss his appeal. The State agreed to allow Defendant to withdraw his guilty plea because attempted manslaughter was not responsive to the charge of manslaughter. As agreed, Defendant sought and was granted voluntary dismissal of his appeal. Also in accordance with his agreement, Defendant filed a Motion to Vacate and Set Aside Sentence and Withdraw Guilty Plea with the district court. The prosecution deviated from the agreement based on the recent Louisiana Supreme Court decision in *State v. Jackson*, 04-2863 (La. 11/29/05), 916 So.2d 1015 and argued against Defendant's motion at the January 4, 2006 hearing. The trial court, based on the arguments made at the hearing, denied Defendant's Motion to Vacate and Set Aside Sentence and Withdraw Guilty Plea and gave Defendant thirty days to file an out-of-time appeal. In compliance with the district court's order, Defendant filed a Second Motion for Appeal, which the trial court granted.

After the appeal record was lodged, this court issued a rule to show cause directing Defendant to show, via brief, why his appeal should not be dismissed as untimely. Accordingly, Defendant briefed his arguments in support of the timeliness

of his appeal, arguing that the circumstances peculiar to his case merit his being granted the right to appeal.

At the January 4, 2006, Motion to Vacate and Set Aside Sentence and Withdraw Guilty Plea hearing, defense counsel, Dmitric Burnes, told the district court, "This court can't just say, hey, I'll give you an out-of-time appeal. If they do it, it's in context of post-conviction relief." The trial court responded that this court would not treat the grant of out-of-time appeal as post-conviction relief and would, instead, treat Defendant's appeal as timely filed. Prior to giving Defendant thirty additional days to seek appeal, the district court stated:

> Well, if I deny the [Motion to Vacate and Set Aside Sentence and Withdraw Guilty Plea], there's no appeal pending because Mr. Burnes, pursuant to the understanding and agreement, has dismissed the appeal. Does that mean that the defendant no longer has a right to appeal? I don't think so. I think - and I granted - I have granted before motions that are untimely and out-of-time for appeals and I have never had one sent back to me that said the court has no authority to do that. This has got to be a post-conviction relief application. I think if there's good reason for an out-of-time appeal I think jurisprudence is very lengthy that says that the court can do that. If fact, there have been cases where the court of appeals, themselves, have granted an out-of-time appeal where the appeal would certainly still be viable.

A recent decision by this court shows that the district court's statement was incorrect:

> Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1.

*State v. Thomas*, 05-619, p. 1 (La.App. 3 Cir. 8/17/05), 909 So.2d 1023, 1024.

Defendant's Second Motion for Appeal was filed on January 27, 2006, which was more than six months after July 8, 2005, the date the district court ruled on Defendant's Motion to Reconsider Sentence.

> Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence

2

became final.  Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. LaBiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77.  Thus, Defendant had to obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief.  *Id*.; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

*Thomas*, 909 So.2d at 1024.

Accordingly, Defendant's appeal is hereby dismissed, and this case is remanded to the trial court for further proceedings.  Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**