STATE OF LOUISIANA

VERSUS

JULIUS HANKTON

NO. 20-KA-21

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

June 01, 2020

Mary E. Legnon
Chief Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Fredericka Homberg Wicker,
Robert A. Chaisson, and Hans J. Liljeberg

**DENIED**

**FHW**
**RAC**
**HJL**

STATE OF LOUISIANA                    NO. 20-KA-21

VERSUS

JULIUS HANKTON                        FIFTH CIRCUIT

                                      COURT OF APPEAL

                                      STATE OF LOUISIANA


# ORDER

Defendant files an application for rehearing from this Court's order dismissing his appeal as untimely. For the following reasons, we deny defendant's application.

Defendant's motion for appeal in the trial court was clearly untimely. Despite this fact, defendant argues that his appellate rights were reinstated by the simple filing of a motion for appeal, without further consideration, contrary to the guidelines set forth in *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). In support of his application for rehearing, defendant cites several cases where an appeal was considered, after the defendant filed either a motion for out-of-time appeal or an application for post-conviction relief that was considered by the trial court as a motion for out-of-time appeal. The facts of those cases are distinguishable from this appeal.

The procedural posture of this appeal is more closely aligned with that in *State v. Herron*, 06-317 (La. App. 3 Cir. 4/26/06), 930 So.2d 201. In *Herron*, the trial court found that it had the discretion to grant an untimely motion for appeal. The Third Circuit disagreed, finding that once a defendant's conviction and sentence became final, he could not obtain an appeal by simply filing a motion for appeal, and had to obtain reinstatement of his appellate rights by way of a properly filed application for post-conviction relief pursuant to *State v. Counterman*. *Id.*, 930 So.2d

at page 202. The Court dismissed the appeal and remanded the case so that the defendant could file his APCR.

As in *Herron*, defendant's appellate rights cannot be reinstated by the filing of a motion for appeal. Instead, according to *Counterman*, defendant must seek re-instatement of his appellate right by way of an APCR.

For these reasons, defendant's application for rehearing is denied.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>06/01/2020</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-KA-21**

### E-NOTIFIED

Thomas J. Butler (Appellee)

Andrea F. Long (Appellee)

### MAILED

Bruce G. Whittaker (Appellant)
Attorney at Law
Louisiana Appellate Project
1215 Prytania Street
Suite 332
New Orleans, LA 70130

Honorable Paul D. Connick, Jr. (Appellee)
Seth W. Shute (Appellee)
Douglas E. Rushton (Appellee)
Lynn Schiffman (Appellee)
Assistant District Attorneys
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053