NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

20-150


STATE OF LOUISIANA

VERSUS

KEVIN MAYO
A/K/A KEVIN JOHN MAYO


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-K-3421-D
HONORABLE JASON D. MECHE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Billy H. Ezell, Phyllis M. Keaty, and Van H. Kyzar, Judges.


**APPEAL DISMISSED.**

**Charles T. Cravens**
**District Attorney - 27th Judicial District**
**P. O. Drawer 1968**
**Opelousas, LA 70571**
**(337) 948-3041**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR APPELLANT:**
    **Kevin Mayo**

**Keaty, Judge.**

On September 30, 2016, a jury found Defendant, Kevin Mayo, guilty of vehicular homicide, in violation of La.R.S. 14:32.1. On January 26, 2017, Defendant was sentenced to eighteen years at hard labor, with five years suspended and the first three years to be served without the benefit of probation, parole, or suspension of sentence. Additionally, Defendant was placed on five years supervised probation upon his release and ordered to pay $45.00 per month in supervision fees. The court ordered a restitution hearing and no mention was made regarding post-conviction relief.

On March 30, 2017, Defendant filed a "Motion for Production of Documents," which stated he "need[ed] these documents in order to challenge his conviction and sentence and prepare collateral attack in post-conviction proceedings." At no point in his motion does the word "appeal" appear.

On April 27, 2017, a hearing was held. Initially, the trial court noted it failed to inform Defendant of his post-conviction relief rights at the time of sentencing and had Defendant and his counsel, Irvin Celestine, Jr., sign a form acknowledging Defendant had been apprised of his right to post-conviction relief. The form also laid out the procedure for filing an appeal under La.Code Crim.P. art. 914. During the April 27, 2017 hearing, there was a discussion of whether Defendant was seeking an appeal. Defendant had previously been represented at trial by retained counsel Harold Register, Jr., who was subsequently disbarred. At the hearing, he was represented by appointed counsel, who asked the trial court if a notice of appeal had been filed. The trial court responded it had not, noting Defendant's sentence would not be final until after the restitution hearing. Mr. Celestine noted Defendant had filed a motion for production of documents requesting items intended for an appeal. After both the trial judge and the assistant

district attorney informed Defendant he could be represented on appeal by the Louisiana Appellate Project but failed to inform him that a motion had to be filed before the Louisiana Appellate Project could be appointed, Mr. Celestine requested that the restitution hearing be refixed so he could confirm whether Defendant intended to appeal. The trial court refixed the restitution hearing for May 25, 2017. The trial court subsequently told Defendant regarding his appeal, "you can hire somebody to do it for you or you can allow the appellate project to do it. It's sort of like an IDB appellate process that the court provides." Later, the court told Defendant "you need to discuss that with Mr. Celestine and he'll take the appropriate steps to do that."

On May 25, 2017, the trial court held a restitution hearing, at which time it ordered Defendant to pay restitution in the amount of $8,661.00 to Mr. Preston Castille for the cost of the victim's funeral and burial plot. No mention was ever made of an appeal.

On December 16, 2019, Defendant filed an application for post-conviction relief seeking an out-of-time appeal. Although Defendant claimed that he requested an appeal "through his attorney of record," he did not allege an exception to the two-year time limitation for post-conviction relief laid out in La.Code Crim.P. art. 930.8, nor did he identify if he was referring to Mr. Register or Mr. Celestine. As Defendant's conviction and sentence became final on June 24, 2017, any application for post-conviction relief, even one seeking an out-of-time appeal, needed to be filed before June 24, 2019, in order to be considered timely. As such, Defendant's motion was facially untimely under La.Code Crim.P. art. 930.8. Nevertheless, on January 9, 2020, the trial court granted Defendant's request for an out-of-time appeal and appointed the Louisiana Appellate Project to represent Defendant.

On March 5, 2020, Defendant's appeal was lodged with this court. On March 10, 2020, this court issued a "Rule to Show Cause" why Defendant's appeal should not be dismissed as untimely under La.Code Crim.P. art. 930.8 and *State v. Thomas*, 05-619 (La.App. 3 Cir. 8/17/05), 909 So.2d 1023, *writ denied*, 06-1195 (La. 12/15/06), 944 So.2d 1280. On May 4, 2020, this court received appellate counsel's response to the "Rule to Show Cause," wherein counsel argues that Defendant "asserted his desire to appeal his case at a very early stage" and that the attorneys involved "understood his documents request was for purposes of an appeal."

Appellate counsel contends Defendant's pro se filing of his "Motion for Production of Documents," coupled with the conversations held during the April 27, 2017 hearing, clearly indicated he intended to appeal his conviction. Counsel cites to *State v. Means*, 09-1716 (La. 4/9/10), 32 So.3d 805, wherein the supreme court overruled this court's finding that a defendant's motion for appeal which only held the docket number of defendant's underlying conviction but not his habitual offender status was not sufficient to indicate defendant was seeking an appeal of the habitual offender adjudication. The court noted that trial counsel's "somewhat inarticulate" comments at trial could be liberally construed as an oral motion for appeal because counsel expressed the defendant's desire to proceed to reconsideration of sentence and appeal and noted they were prepared to appeal. Defendant's reliance on *Means* is misplaced. At no point in the record did Defendant or defense counsel expressly state he desired an appeal. Although questions were asked about filing an appeal, Defendant did not state he wanted an appeal, and the April 27, 2017 hearing was even refixed so that defense counsel could verify if Defendant wanted to appeal. There was no subsequent mention of an appeal at the restitution hearing.

Although appellate counsel argues for a liberal interpretation of Defendant's pro se "Motion for Production of Documents," Defendant expressly stated he was seeking documents to "prepare [a] collateral attack in post-conviction proceedings." Additionally, while counsel claims Defendant was not informed "of the time delays associated with seeking an appeal or the procedure Mayo should follow to re-assert his request for an appeal," Defendant signed a document in open court on April 27, 2017, which expressly stated the procedure for filing an appeal, including the thirty-day time frame within which an appeal should be sought. Defendant was apprised of his right to appeal and subsequently failed to file an appeal or to seek an out-of-time appeal within the two-year time limitation imposed by La.Code Crim.P. art. 930.8.

Finally, no exception to La.Code Crim.P. art. 930.8's time limitation has been asserted. In *Thomas*, this court held that "[a]s the Joint Motion for Appeal was untimely and the Defendant did not allege or prove any of the exceptions contained in La.Code Crim.P. art. 930.8, we find the out-of-time appeal was improperly granted. Therefore, Defendant's appeals are dismissed." *Thomas*, 909 So.2d at 1024-25. Unlike the defendant in *Means*, at no point did Defendant or his counsel expressly state in open court that he wished to appeal. Additionally, Defendant explicitly stated he was seeking documents for post-conviction relief purposes in his pro se request filed in March of 2017. Defendant's appeal is hereby dismissed, as his request for an out-of-time appeal was untimely filed.

**APPEAL DISMISSED.**